UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-MJ-03730-TORRES

UNITED STATES OF AMERICA

vs.

ELIA PIERRE
and
CRISTINO CUEVA DE LA CRUZ,

    Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? __ Yes _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? __ Yes _X_ No

                Respectfully submitted,
                JUAN ANTONIO GONZALEZ
                ACTING UNITED STATES ATTORNEY

By: _____
                RICHARD E. GETCHELL
                Assistant United States Attorney
                FLA. BAR NO. 817643
                11200 N.W. 20th Street
                Miami, Florida 33172
                (305) 715-7647
                (786) 564-9126 (cell)
                richard.getchell@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ELIA PIERRE<br>and<br>CRISTINO CUEVA DE LA CRUZ,<br><br>*Defendant(s)* | Case No. 21-MJ-03730-TORRES |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __August 18, 2021__, upon the high seas and elsewhere outside the jurisdiction any particular State or district, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503: all in violation of 46 U.S.C. § 70506(b). |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature* ID #7037

DEA S/A EDWIN BRIGANTTY
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone.

Date: 8/30/2021

*Judge's signature*

City and state: Miami, Florida

Edwin G. Torres, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Edwin Brigantty, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Drug Enforcement Administration (DEA) Special Agent with the Miami Field Division since 2016, and with the DEA since 2002. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics- trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and belief. Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

3. This Affidavit is submitted for the limited purpose of establishing probable cause that ELIA

1

PIERRE and CRISTINO CUEVA DE LA CRUZ did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

## PROBABLE CAUSE

4. On or about August 18, 2021, while on patrol in the Caribbean Sea, a maritime patrol aircraft ("MPA") detected a go-fast vessel ("GFV") operating approximately 112 nautical miles south of Bani, Dominican Republic (DR) in international waters and upon the high seas. The GFV has two persons on board, two outboard motors, no visible indicia of nationality, and packages and fuel drums on the deck. United States Coast Guard (USCG) Cutter JOSEPH DOYLE was patrolling nearby and was diverted to intercept the GFV. USCG District 7 (D&) granted a Statement of No Objection (SNO) for a Right of Visit (ROV) boarding of a vessel reasonably suspected of drug smuggling. JOSEPH DOYLE located the GFV and launched it's over the horizon (OTH) small boat. When the OTH arrived in the vicinity of the GFV, the GFV began maneuvering erratically and jettisoning packages into the water before coming dead in the water (DIW). The OTH boarding crew recovered 14 jettisoned bales and took positive control of the GFV.

5. When asked by the USCG boarding team, the two individuals on the GFV claimed Dominican nationality for themselves and the vessel. The Government of the Dominican Republic was contacted and could neither confirm nor deny registry of the vessel. Accordingly, the vessel was treated as a vessel without nationality subject to the jurisdiction of the United States.

6. The two individuals aboard the GFV were taken aboard the OTH and identified as **ELIA PIERRE** and GOLEO CUAVA, both Dominican nationals. GOLEO CUAVA was later identified as **CRISTINO CUEVA DE LA CRUZ**. The GFV was destroyed as a hazard to navigation.

7.  Two narcotics identification kit (NIK) tests were performed on the bales which had been jettisoned from the GFV and yielded positive results for the presence of cocaine. The at-sea weight of the 14 bales was approximately 364 kilograms. Based on my training and experience, and that of other officers involved in this investigation, I know that maritime smugglers transporting large quantities of cocaine intend to distribute the contraband to others at the end of their journey.

## CONCLUSION

8.  Based upon the information provided above, I respectfully submit probable cause exists to believe **PIERRE** and **CUEVA DE LA CRUZ** did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

FURTHER AFFIANT SAYETH NAUGHT

SPECIAL AGENT EDWIN BRIGANTTY
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this 30 day of August, 2021.

EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

3